# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ANTHONY L. DULIN, | : | |
| Plaintiff, | : | Case No. 3:14cv00288 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Chief Magistrate Judge Sharon L. Ovington |
| CAROLYN W. COLVIN, | : | |
| Commissioner of the Social | | |
| Security Administration, | : | |
| Defendant. | : | |

---

## REPORT AND RECOMMENDATIONS[1]

---

This case began in a typical procedural fashion and remained so until the parties reached an agreement regarding the need to remand the case to the Commissioner. (Doc. #13). The Court previously accepted the parties' Stipulation and remanded the matter for further administrative proceedings. (Doc. #14). The case is presently before the Court upon Plaintiff's Motion For Attorney Fees Pursuant To The Equal Access To Justice Act (EAJA), 28 U.S.C. §2412, and supporting materials (Doc. #s 16, 17), the Commissioner's Response (Doc. #19), Plaintiff's Reply (Doc. #26), and the record as a whole.

Plaintiff's EAJA Motion seeks a total award of $9,499.09 based on 47.7 hours of

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

attorney work and 7.7 hours of paralegal work.

Defendant does not assert that an award of EAJA is unwarranted under 28 U.S.C. §2412.[2]  Defendant instead challenges the amount of the EAJA award Plaintiff seeks. Defendant argues: (1) Plaintiff's counsel has itemized "excessive work hours, well beyond what is typical for a Social Security case"; and (2) the hourly rate for valid paralegal work should be reduced.  (Doc. #19, PageID at 761).  Defendant maintains that the total EAJA award should be $4,803.05.  This would occur by reducing the EAJA fee request to 25 hours of attorney work plus 2.9 hours of paralegal work.

In response, Plaintiff has reduced the amount of EAJA award he requests to $7,490.53. This resolves some issues but a few remain.

Defendant maintains that 41.9 hours of the work Plaintiff's counsel performed (reviewing the administrative record and drafting and editing Plaintiff's Statement of Errors) is excessive especially when counsel had already reviewed the record and written a brief at the administrative level.[3]  This, however, lacks full appreciation of the much more detailed, time-consuming work that counsel reasonably did to prepare Plaintiff's Statement of Errors.  This is seen by comparing the 3-page brief counsel submitted to the Appeals Council with the 20-page Statement of Errors counsel filed in the present case.  The Statement of Errors presented a

---

[2] "[T]he Commissioner does not contest the substantial justification issue."  (Doc. #19, PageID at 761 n.1).

[3] Plaintiff seeks to recover fees for 47.7 hours of attorney work.  Defendant proposed to reduce this to 41.9 by counting the timesheet entries for Plaintiff's counsel work in reviewing the administrative record and drafting and editing Plaintiff's Statement of Errors.  (Doc. #19, PageID at 762 (citing PageID at 753).

treating-physician argument geared toward establishing that the record supported Plaintiff's treating-physician's opinion.  The Statement of Errors contains thorough briefing with a highly detailed factual summary and a pertinent discussion about the nature of Plaintiff's visits to her treating physician and the length, frequency, and duration of the treating relationship.  The Statement of Errors also challenged in detail the ALJ's decision with regard to Plaintiff's credibility and the ALJ's decision at Step 5 of the sequential evaluation.  In light of the high level of detail and analysis, the Statement of Errors required Plaintiff's counsel to obtain a thorough command of the record through a relatively extensive and time-consuming review the administrative record.

To the credit of Plaintiff's counsel, he recognizes that a reduction in the amount of attorney-work hours is warranted due to the extensive work performed by a recent graduate, attorney Ms. Morrad.  Plaintiff believes that a 6-hour reduction in Ms. Morrad's number of work hours is warranted.  These reductions are warranted and reasonable in light of Ms. Morrad's lack of experience. Reality and logic support the observation that the more knowledgeable an attorney becomes about social security law, the more efficient the attorney will be in drafting memoranda and otherwise litigating social security cases.  The need for this reduction – it should be emphasized – says nothing negative about the quality of Ms. Morrad's work on Plaintiff's Statement of Errors.  To her credit, her work appears to have played a large role in moving this case towards resolution in this Court.

Plaintiff have also reduced their fee request by .45 hour for the time Ms. Morrad spent filing a brief.  Plaintiff may not recover attorney fees based on purely clerical or secretarial

3

tasks. *See Karns v. Astrue*, No. 3:10cv00318, 2012 WL 1185990, at *3 (S.D. Ohio Apr. 9, 2012); *cf. Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). Although Plaintiff believes a partial reduction is warranted in connection with Ms. Morrad's filing activity. Yet, a full reduction of .95 is warranted because such activity consisted of purely clerical work. *See Spiller v. Comm'r of Soc. Sec.*, 940 F. Supp.2d 647, 651 (S.D. Ohio 2013) (Rice, D.J.). In light of the above, Plaintiff is entitled to EAJA fees based on a total of 40.75 of attorney-work hours (47.70 - 6.95 = 40.75 total attorney-work hours).

Defendant contends that the amount of paralegal fees Plaintiff seeks to recover is excessive because 1.4 hours involved certain tasks that were clerical or secretarial and not compensable under EAJA. Plaintiff counters that the tasks at issue involved far more skill than simply printing, downloading, and emailing. The "far more skill," however, might remain noncompensable clerical work rather than legal work compensable under the EAJA. The closest Plaintiff's counsel comes to identifying legal work is in the entry described as "bookmarking the file." This might have required legal knowledge if the paralegal was instructed to mark, for instance, records pertinent to determining whether a Plaintiff has a severe impairment or to assessing Plaintiff's residual functional capacity. In its current unadorned form, "bookmarking the file" was equally likely to involve purely clerical tasks such as bookmarking various sections of the record to correspond to the table of contents. Similarly, checking the record for completeness might require legal knowledge about what the record should contain, but it is equally likely that it involved the purely clerical task of looking for

4

pages missing from the administrative record by looking for gaps in page numbers. Defendant is therefore correct that a reduction of 1.4 hours of paralegal work is warranted.

Plaintiff acknowledges that additional reductions are warranted for .2 hours of paralegal time spent drafting *pro hac vice* motions and .8 hours drafting and reviewing motions for extensions of time.

Accordingly, the compensable paralegal time is 5.3 hours. This figure is calculated by starting with the total number of hours Plaintiff seeks for paralegal work – 7.7 hours – and reducing it by 1.4 hours (purely clerical work) and 1.0 hours (*pro-hac-vice* work and for reviewing motions for extensions of time).

Defendant next maintains that many of the entries on the time sheets include "intermingled work" that mix multiple tasks under the same entry. This intermingling, Defendant argues, supports an across-the-board deduction by a certain percentage or line-by-line reduction. Some billing problems may arise from intermingling multiple tasks under a single entry – for instance, billing duplication or attorney work that took too long for the tasks performed. *Karns v. Astrue*, No. 3:10CV00318, 2012 WL 1185990, at *4 (S.D. Ohio Apr. 9, 2012). Having carefully examined the entries on counsel's timesheet, the entries are neither duplicative nor excessive for the tasks performed (except as noted above with regard to Ms. Morrad's work).

Defendant asserts that $80.00 per hour for paralegal work is excessive. Defendant relies on a case from this district that found the $60 per hour paralegal rate to be reasonable, *see Mullins v. Comm'r of Soc. Sec.*, 3:11cv407, 2013 WL 3964924, *1 (S.D. Ohio July 31, 2013

(M.J. Newman), and cases from the North District of Ohio finding $40 per hour for work done by "appellate assistants" to be reasonable. *E.g., Dallas v. Comm'r of Soc. Sec.*, 1:13cv00591, 2014 WL 1767815, *1, 5 (N.D. Ohio May 2, 2014 (M.J. White). Plaintiff contends that the Sixth Circuit, in *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 497 n.3 (6th Cir. 2014), has previously approved the rate of $80.00 per hour for paralegal work under the EAJA.

Paralegal services are recoverable under EAJA at prevailing market rates. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008). With the exception of *Mullins*, the cases the parties cite do not address the prevailing market for rate paralegal work in the Southern District of Ohio. This includes the Sixth Circuit case, *Glenn*, which arose from the U.S. District Court in the Eastern District of Michigan. The issue in the present case is whether $80 per hour is a reasonable paralegal rate compared to the prevailing market rate for paralegal work in the Southern District of Ohio. *See Richlin,* 553 U.S. at 581. Although *Mullins*, the only case Defendant cites from this District, found $60 per hour to be a reasonable paralegal rate, *Mullins* is silent on whether a higher rate ($80 per hour) would likewise be reasonable. *See Mullins*, 2013 WL 3964924, *1. The parties, moreover, do not identify what they believe the prevailing market rate is for paralegal work in the Southern District of Ohio or in Dayton, Ohio. The Court therefore turns for guidance to the surveys documented in <u>The Economics of Law Practice in Ohio in 2013</u>, Ohio State Bar Association,[4] and finds that Plaintiff's requested $80 per hour paralegal rate is within the prevailing market

---

[4] available at http:ohiobar.org/2013econstudy

rate for paralegal work in the Southern District of Ohio or in Dayton.  This finding, however, is limited to the present case because the specific issue – what is the prevailing market rate for paralegal work within this District? – has not been subject to the crucible of debate by counsel.

Defendant lastly challenges the time Plaintiff's counsel and paralegal spent in preparing the EAJA Motion.  Here, Plaintiff seeks compensation for 3.8 hours of work, which is the sum of 1.5 hours of attorney work plus 2.3 hours of paralegal work.  (Doc. #17, PageID at 753-54).  Defendant argues that this is an excessive amount of work time because the EAJA Motion contains less than 1 page of boilerplate language followed by a form affidavit and other exhibits, including a computer generated timesheet.  Defendant is correct.  The EAJA Motion and Memoranda provide no meaningful supporting analysis and largely present boilerplate language.  Given this, a 1-hour reduction in paralegal work time is warranted since the bulk of the EAJA work was performed by the paralegal.  This reduces the total amount Plaintiff may recover in connection with the EAJA Motion to amount $421.77.  This is calculated by adding  $277.77 (1.5 hours of attorney work at $185.18 per hour) plus $144.00 (1.8 hours of paralegal work at $80 per hour).

In conclusion, Plaintiff's EAJA Motion is well taken in part but must be reduced as follows:

Requested Amount:        $ 8,833.09 = 47.7 hours (attorney work) x $185.18
                        +  $ 616.00 = 7.7 hour (paralegal work) $80 per hour)
                          $ 9,449.09

Reduced Amount:          $ 7,546.90 = 40.75 (attorney work) x $185.18
                                + <u>$ 424.00</u>   = 5.3 (paralegal work) x $80.00
                              $ 7,970.90

## IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's Motion For Attorney Fees Under Equal Access To Justice Act, 28 U.S.C.§2412(d) (Doc. #16) be **GRANTED** in part in the amount of $7,970.90, and be **DENIED** in remaining part; and

2.      The case remain terminated on the docket of this Court.

November 3, 2015

                           <u>       s/Sharon L. Ovington       </u>
                                Sharon L. Ovington
                          Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).

9